UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

KAREN MAISONET on behalf of herself and
all other similarly situated consumers

       Plaintiff,

  -against-

UNITED COLLECTION BUREAU, INC.

       Defendant.
_____

## CLASS ACTION COMPLAINT

### Introduction

1. Plaintiff, Karen Maisonet, brings this action against United Collection Bureau, Inc. for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive and unfair collection practices while attempting to collect on debts.

### Parties

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Toledo, Ohio.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## Jurisdiction and Venue

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## Allegations Particular to Karen Maisonet

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about September 6, 2016, Defendant sent the Plaintiff a collection letter.

11. The said letter was an effort to collect on a consumer debt.

12. The said letter identified the amount owing as the "**Current** Account Balance," words that imply that the balance may increase at a later stage. See Chuway v. National Action Financial Services, 362 F.3d 944 (7th Cir.2004) (Letter stating the balance but inviting the debtor to call to obtain "the most current balance information" creates doubt as to whether the balance stated is increasing and violates the FDCPA unless an explanation is provided.)

13. The Plaintiff was left uncertain as to whether the "Current Account Balance" would increase there was no disclosure that indicated otherwise.

14. The letter does not clearly state either that the amount will or will not increase. See Avila v. Riexinger & Associates, LLC, 817 F.3d 72, (2d Cir. 1016).

15. The said letter provided a column with an itemized accounting of the debt as required by

New York state statute which informed the consumer that no interest or fees have been added post charge-off.

16. However, the period of time that has elapsed since charge-off is not stated in the collection letter, confusing the least sophisticated consumer as to whether interest or fees will be added in the future.

17. While it is typical for collection letters to state an "amount due" or a "current balance", it is not typical for a letter to state that the amount owed is as of a specific date as such language would imply the potential of a different balance on a different date.

18. The FDCPA requires debt collectors, when notifying consumers of their account balance, to disclose that the balance may increase due to interest and fees; failure to include such disclosures would harm consumers such as the Plaintiff who may hold the reasonable but mistaken belief, that timely payment will satisfy their debts and it would abrogate the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e.

19. Collection notices that state only the "Current Account Balance," but do not disclose that the balance might increase due to interest and fees, are "misleading" within the meaning of Section 1692e.

20. The Defendant violated 15 U.S.C. § 1692e(2)(A) for misrepresenting the amount of the debt owed by the Plaintiff.

21. 15 U.S.C. § 1692e of the FDCPA provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (2) The false representation of --

      (A) the character, amount, or legal status of any debt; or

      (10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

22.   15 U.S.C. § 1692g of the FDCPA provides:

      (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing-

      (1) the amount of the debt.

23.   The Defendant failed to provide the consumer with the actual amount of the debt in its initial communication with the Plaintiff.[1]

24.   Upon information and belief, such actions are part of a scheme or business of the Defendant when attempting to collect alleged debts from consumers in the State of New York.

25.   Upon information and belief, the Defendant's collection letters, such as the said September 6, 2016 collection letter, number in at least the hundreds.

26.   Defendant's March September 6, 2016 letter is in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(10), 1692g and 1692g(a)(1) for failing to clearly state the amount of the debt which is due and owing, by implying that a payment sooner rather than later will be more economical for the consumer and by employing false, deceptive and misleading representations in connection with the collection of a debt.

27.   Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the

---

[1] Beauchamp v. Fin. Recovery Services, Inc., 2011 U.S. Dist. LEXIS 25512, 2011 WL 891320, at *2 (S.D.N.Y. Mar. 14, 2011) (Ultimately, the critical question [in determining whether a communication violates the F.D.C.P.A.] is . . . whether the notice fails to convey the required information clearly and effectively and thereby makes the least sophisticated consumer uncertain as to the [6] meaning of the message. . . . letter may, in violation of 15 U.S.C. § 1692g, make the least sophisticated consumer uncertain as to her rights and confused about the total amount she owes where the "[l]etter provides that the outstanding balance may increase".)

Defendant.

28. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

29. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

30. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

31. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

32. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

33. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived her of her right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

34. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

35. Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

## CLASS ALLEGATIONS

36. This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

37. The identities of all class members are readily ascertainable from the records of United Collection Bureau, Inc. and those business and governmental entities on whose behalf it attempts to collect debts.

38. Excluded from the Plaintiff's Class is the Defendant and all officers, members, partners, managers, directors, and employees of United Collection Bureau, Inc., and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

39. There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

40. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

41. The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

42. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    (a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

    (b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

    (c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

    (d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

      (e)    **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on information and belief, collects debts throughout the United States of America.

43. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the Fair Debt Collection Practices Act, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

44. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

45. Further, Defendant has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

46. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## CAUSE OF ACTION

**Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendant.**

47. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered one (1) through forty six (46) herein with the same force and effect is if the same were set forth at length herein.

48. This cause of action is brought on behalf of Plaintiff and the members of a class.

49. The class involves all individuals whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about September 6, 2016; and (a) the collection letter was sent to a consumer seeking payment of a personal debt; and (b) the collection letter was not returned by the postal service as undelivered; and (c) the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(10), 1692g and 1692g(a)(1) for failing to clearly state the amount of the debt which is due and owing, by implying that a payment sooner rather than later will be more economical for the consumer and by employing false, deceptive and misleading representations in connection with the collection of a debt.

**Violations of the Fair Debt Collection Practices Act**

50. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

51. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

(a) Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Brooklyn, New York
September 4, 2017

                                  /s/ Maxim Maximov
                             Maxim Maximov, Esq.
                             Attorneys for the Plaintiff
                             Maxim Maximov, LLP
                             1701 Avenue P
                             Brooklyn, New York 11229
                             Office: (718) 395-3459
                             Facsimile: (718) 408-9570
                             E-mail: m@maximovlaw.com

Plaintiff requests trial by jury on all issues so triable.

                                  /s/ Maxim Maximov
                             Maxim Maximov, Esq.